UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KATHY MATIRNE | CIVIL ACTION NO. 6:17-cv-01531 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| ADVANCIAL FEDERAL CREDIT UNION | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which was filed on behalf of the defendant, Advancial Federal Credit Union. (Rec. Doc. 8). The motion is opposed. For the reasons set forth below, it is ordered that the motion be granted.

### BACKGROUND

The plaintiff, Kathy Matirne, claims that she should have received overtime pay when she worked as a business relations officer for the defendant, Advancial Federal Credit Union, for nine years preceding December 5, 2016. In her complaint, she asserted a Fair Labor Standards Act claim against her former employer, and brought her complaint not only on her own behalf but also on behalf of all other similarly-situated employees, expressly including but not limited to other persons who worked for Advancial as business relations officers after June 14, 2014.

Advancial now seeks to have this lawsuit transferred to the United States District Court for the Northern District of Texas, Dallas Division, arguing that transfer is appropriate for the convenience of the parties and witnesses and in the interest of justice and that the suit could have been brought originally in the proposed transferee forum.

## LAW AND ANALYSIS

### I. THE STANDARD FOR CHANGE OF VENUE UNDER SECTION 1404(A)

It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion.[1] Section 1404(a) reads as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Therefore, the preliminary question in a Section 1404(a) analysis is whether the action "might have been brought" in the destination venue.[2]

Advancial does not dispute that venue is proper in the Western District of Louisiana; however, Advancial seeks to have the action transferred to the Northern

---

[1] *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Bearden v. United States*, 320 F.2d 99, 101 (5th Cir. 1963), *cert. denied*, 376 U.S. 922 (1964).

[2] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

-2-

District of Texas, Dallas Division, where venue is also proper under 28 U.S.C. § 1391(b)(2), arguing that the destination venue would be more convenient. The plaintiff does not dispute that venue is proper in the Northern District of Texas but argues that the case should remain in the Western District of Louisiana where the lawsuit was filed, downplaying the defendant's concerns regarding the relative convenience of the two forums without arguing that the Western District of Louisiana is a more convenient forum for anyone other than the current plaintiff. Having established that the plaintiff could have filed this suit in the proposed alternative venue, the court must now evaluate whether a transfer is warranted "for the convenience of parties and witnesses, in the interest of justice."

The moving party bears the burden of proving that a change of venue is warranted.[3] A defendant moving for a venue transfer under Section 1404(a) must show good cause for the transfer.[4] To do so, the moving party must demonstrate that the action could have been brought in the destination venue and also clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the

---

[3] *In re Volkswagen*, 545 F.3d at 315; *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

[4] *In re Volkswagen*, 545 F.3d at 315, citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

interest of justice.[5] "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer."[6]

While the plaintiff's choice of venue is accorded some deference,[7] the plaintiff's choice of venue is not treated as a distinct factor in the Section 1404(a) analysis.[8] Instead, the plaintiff's venue choice corresponds to the burden that the moving party must meet in order to demonstrate that the transferee venue is clearly more convenient.[9]

The Fifth Circuit adopted the private interest factors and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ("the *Gilbert* factors"), for determining whether a Section 1404(a) venue transfer is for the convenience of

---

[5] *In re Volkswagen*, 545 F.3d at 315.

[6] *In re Volkswagen*, 545 F.3d at 315.

[7] *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (5th Cir. 2008), citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003).

[8] *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

[9] *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

parties and witnesses and in the interest of justice.[10] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[11] The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[12] These factors are neither exhaustive nor exclusive and no one of them is dispositive.[13]

## II. APPLICATION OF THE LEGAL STANDARD IN THIS ACTION

Since it is undisputed that venue would be proper in either the Western District of Louisiana or the Northern District of Texas, the only issue before this Court is whether a transfer is "for the convenience of parties and witnesses, in the interest of justice." Accordingly, each of the *Gilbert* factors will be analyzed.

---

[10] *In re Volkswagen*, 545 F.3d at 315.

[11] *In re Volkswagen*, 545 F.3d at 315.

[12] *In re Volkswagen*, 545 F.3d at 315.

[13] *In re Volkswagen*, 545 F.3d at 315.

### A. THE PRIVATE INTEREST FACTORS

#### 1. THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

This factor examines the location of documents and physical evidence.[14] Advancial conceded that this factor is likely neutral since the relevant payroll records are stored electronically and may be accessed as easily from Texas as from Louisiana. The plaintiff did not disagree.

#### 2. THE AVAILABILITY OF COMPULSORY PROCESS TO SECURE THE ATTENDANCE OF WITNESSES

Rule 45(b)(2) of the Federal Rules of Civil Procedure allows a federal court to compel a witness's attendance at a trial or hearing by subpoena, but Rule 45(c) limits that power by restricting the court's subpoena power to those witnesses who work or reside less than 100 miles from the courthouse. Advancial argued that all witnesses with personal knowledge concerning the issues presented in this lawsuit, including Advancial's processes and procedures regarding payroll classification, time keeping, and payroll payment, are located in and around Dallas, Texas. Advancial also represented that all persons who might meet the proposed class definition – other than the plaintiff already named in this lawsuit – are located in Dallas or Houston. Therefore, trial subpoenas for those witnesses to travel more than one hundred miles

---

[14] *In re Volkswagen*, 545 F.3d at 316.

to attend court in Louisiana would be subject to being quashed. The plaintiff's response to this argument was that any additional plaintiff who opts into the suit and the defendant's witnesses would all appear voluntarily at trial. That, however, is not a foregone conclusion. There is a substantial risk that the appearance of witnesses could not be assured at trial. The court, therefore, finds that this factor weighs in favor of transfer.

        **3.**     **THE COST OF ATTENDANCE FOR WILLING WITNESSES**

The distance between the place where a witness lives or works and the place where the case will be tried is directly proportional to the witness's cost of attendance at trial. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."[15] The Fifth Circuit has established a "100–mile rule" for determining the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled."[16]

---

[15] *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004).

[16] *In re Volkswagen AG*, 371 F.3d at 204-05.

Some courts have suggested that the primary focus should be on the cost to be incurred by key non-party witnesses.[17]

Advancial stated in its briefing that Dallas is approximately four hundred miles from Lafayette, and the plaintiff did not object to that estimation. As this lawsuit is currently configured, the plaintiff is the only person who would not incur significant travel costs for trial. All other potential plaintiffs as well as the witnesses likely to appear on behalf of the defendant would be required to incur such costs. The only non-party witness mentioned in the parties' briefing is the plaintiff's former supervisor, who allegedly is now retired and lives in Florida and would incur travel costs regardless of where the trial is ultimately held.

A party seeking transfer based on convenience of the witnesses must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.[18] While Advancial has not done so with specificity, this Court interprets the declaration submitted by Advancial in support of the motion as representing that Advancial will likely call witnesses at trial who are current or

---

[17] See, e.g., *Broussard v. First Tower Loan, LLC*, 135 F.Supp.3d 540, 547 (E.D. La. 2015); *Frito-Lay North America, Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859, 870-71 (E.D. Tex. 2012).

[18] See, e.g., *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 218 (M.D. La. 1981); *AllChem Performance Products, Inc. v. Oreq Corp.*, No. 2:11-CV-3577-D, 2013 WL 180460, at *4 (N.D. Tex. Jan. 17, 2013) (quoting 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851, at 221-22 (3d ed.2007)).

former employees with knowledge about the way the plaintiff was paid. The plaintiff did not identify any likely witnesses other than herself. Given the nature of the claim asserted in her complaint, however, it is likely that she too would be relying on the testimony of Advancial's current or former employees to prove her position at trial. Therefore, the convenience to those persons is important, and this Court concludes that Advancial has shown that this factor weighs in favor of transferring this case to the Northern District of Texas.

### 4. ALL OTHER PRACTICAL PROBLEMS

Neither Advancial nor the plaintiff identified any other practical problems that the court should consider.

## B. THE PUBLIC INTEREST FACTORS

### 1. THE ADMINISTRATIVE DIFFICULTIES FLOWING FROM COURT CONGESTION

This factor favors a district that can bring a case to trial faster.[19] Advancial suggested that this factor is neutral, and the plaintiff did not address it. Therefore, this Court finds that it is neutral. However, this Court notes that the current judicial vacancies in the Western District of Louisiana could play a role in delaying the

---

[19] See *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (5th Cir. 2009).

resolution of this lawsuit. As indicated in the suit caption, above, this case is currently assigned to "Unassigned District Judge."

### 2. THE LOCAL INTEREST IN HAVING LOCALIZED INTERESTS DECIDED AT HOME

This factor analyzes the "factual connection" that a case has with the transferee venue and also with the transferor venue.[20] Advancial argued that this factor weighs in favor of transfer to the Northern District of Texas because that is the place where the defendant is headquartered and has many business locations. The plaintiff did not address this factor. This Court consequently concludes that this factor favors transfer.

### 3. THE FAMILIARITY OF THE FORUM WITH THE GOVERNING LAW

Advancial suggested that this factor is neutral because federal law will be applied in resolving the parties' dispute. The plaintiff made no argument regarding this issue. The undersigned is confident that the two venues are equally familiar with the governing law and finds that this factor is neutral.

### 4. THE AVOIDANCE OF UNNECESSARY PROBLEMS OF CONFLICT OF LAWS OR IN THE APPLICATION OF FOREIGN LAW

Advancial mentioned this factor in passing, stating that it is neutral and failed to identify any conflicts of law or foreign law issues. The plaintiff did not address this issue. Accordingly, this Court finds that this factor is neutral.

---

[20] See *In re Volkswagen AG*, 371 F.3d at 206.

## CONCLUSION

Advancial identified three factors that it argues favor transfer of this action to the Northern District of Texas, Dallas Division. The plaintiff argued that the requested transfer would make the trial more convenient and less expensive for the defendant, but less convenient and more expensive for her. This Court must weigh the requisite factors and reach a conclusion that serves both the convenience of the parties and the interest of justice. Viewing the plaintiff's complaint in a light most favorable to her, there is a likelihood that additional plaintiffs will be added to the suit. But all of the potential additional plaintiffs live in Texas. Therefore, it is not only the defendant but also the potential plaintiffs who would find litigating this case in Texas to be more convenient. Furthermore, the factors that Advancial identified as favoring a transfer of this case are important ones. In sum, this Court is persuaded that it would be more convenient for the parties in general and would serve the interest of justice for all parties and potential parties if this case were litigated in the proposed alternate forum. Accordingly,

IT IS ORDERED that Advancial's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 8) is GRANTED, and this case is transferred to the United States District Court for the Northern District of Texas, Dallas Division.

Signed at Lafayette, Louisiana on February 21st, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE